**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| DWAYNE MCCLELLAND | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-78 |
| | ) | |
| HAMMOND POLICE OFFICER | ) | Jury Trial Demanded |
| JOHN BIGHAM, STAR NO. HA518, | ) | |
| UNKNOWN OFFICERS OF THE | ) | |
| HAMMOND POLICE | ) | |
| DEPARTMENT, and the CITY OF | ) | |
| HAMMOND, a municipal corporation, | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES Plaintiff DWAYNE MCCLELLAND, by and through his attorneys, HENDERSON PARKS, LLC, and complains against Defendants HAMMOND POLICE OFFICER JOHN BIGHAM, STAR NO. HA518, UNKNOWN OFFICERS OF THE HAMMOND POLICE DEPARTMENT, and the CITY OF HAMMOND, as follows:

### PRELIMINARY STATEMENT

1.     This is an action seeking redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. §1983. Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendants' actions which subjected him to unlawfully excessive and unreasonable uses of force in violation of the Fourth Amendment to the United States Constitution.

### JURISDICTION AND VENUE

2.     The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983, 28 U.S.C. §1331 and §1343(a), the Constitution of the United States.

3.        Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1) and (2) because the unlawful acts of excessive force to which Plaintiff was subjected occurred inside this judicial district.  Venue is further proper in this judicial district because Defendant HAMMOND POLICE OFFICER JOHN BIGHAM, STAR NO. HA518, UNKNOWN OFFICERS OF THE HAMMOND POLICE DEPARTMENT, and the CITY OF HAMMOND transact business in this judicial district and/or committed the unlawful acts alleged herein within this judicial district.

PARTIES

4.        Plaintiff DWAYNE MCCLELLAND is a citizen of the United States and the State of Indiana.  At all times herein mentioned, DWAYNE MCCLELLAND was residing in the Northern District of Indiana, Hammond Division.  Plaintiff DWAYNE MCCLELLAND brings this cause pursuant to 42 U.S.C. §1983.

5.        Defendant HAMMOND POLICE OFFICER JOHN BIGHAM, STAR NO. HA518, is and was, at all times herein mentioned, a citizen of the United States residing within the jurisdiction of this Court.  At all times herein mentioned, he was acting under color of state law and within the scope of his employment for the CITY OF HAMMOND.  He is being sued in his individual capacity.

6.        Defendant CITY OF HAMMOND is and was, at all times mentioned herein, an Indiana municipal corporation organized and existing as such under the laws of the State of Indiana.

7.        Defendant UNKNOWN OFFICERS OF THE CITY OF HAMMOND are and were, at all times herein mentioned, citizens of the United States who, upon information and belief, resided within the jurisdiction of this Court.  At all times herein mentioned, the UNKOWN OFFICERS OF CITY OF HAMMOND POLICE DEPARTMENT were acting under color of state

2

law and within the scope of their employment for Defendant CITY OF HAMMOND. The
UNKOWN OFFICERS OF THE CITY OF HAMMOND POLICE DEPARTMENT are being
sued in their individual capacities.

## FACTS COMMON TO ALL CLAIMS

**Dwayne McClelland Was Behaving Lawfully When
Defendant Hammond Police Officer John Bigham, Star No. HA518 of the City of
Hammond Police Department Subjected Dwyane McClelland to Objectively Unreasonable
Use of Force Without Justification**

8.      Plaintiff DWAYNE MCCLELLAND is an African-American male.

9.      The events giving rise to this lawsuit occurred in or around September 4, 2022 in
the general vicinity of 4738 Cameron Avenue, in Hammond, Indiana.

10.     On September 4, 2022, officers of the Hammond Police Department were
dispatched to the general vicinity of 4738 Cameron Avenue, in Hammond, Indiana.

11.     On information and belief, the officers were dispatched in response to complaints
about a car that was parked in the street in a manner that was blocking the follow of traffic.

12.     On information and belief, the officers who responded to the dispatch call included
Defendant HAMMOND POLICE OFFICER JOHN BIGHAM, STAR NO. HA518.

13.     Plaintiff DWAYNE MCCLELLAND was in the area and observed the officers as
they were leaving the scene.

14.     On September 4, 2022, Plaintiff DWAYNE MCCLELLAND had committed no
crime and was not in unlawful possession of any weapons, drugs, drug paraphernalia or other
unlawful contraband.

15.     On September 4, 2022, Plaintiff DWAYNE MCCLELLAND had no outstanding
warrants for his arrest.

16.    On September 4, 2022, Plaintiff DWAYNE MCCLELLAND was not on probation.

17.    On September 4, 2022, Plaintiff DWAYNE MCCLELLAND was not on parole.

18.    On September 4, 2022, Defendant HAMMOND POLICE OFFICER JOHN BIGHAM, STAR NO. HA518 had not observed Plaintiff DWAYNE MCCLELLAND commit a crime.

19.    On September 4, 2022, as other police officers were leaving the vicinity of 4738 Cameron Avenue, Plaintiff DWAYNE MCCLELLAND was walking into his residence.

20.    As Plaintiff DWAYNE MCCLELLAND was walking into his residence, Defendant HAMMOND POLICE OFFICER JOHN BIGHAM, STAR NO. HA518, followed Plaintiff DWAYNE MCCLELLAND and attempted to forcibly enter the front door of the residence.

21.    On September 4, 2022, Defendant HAMMOND POLICE OFFICER JOHN BIGHAM, STAR NO. HA518 had no search warrant to enter the residence.

22.    On September 4, 2022, there were no exigent circumstances that would give Defendant HAMMOND POLICE OFFICER JOHN BIGHAM, STAR NO. HA518 justification to enter the residence without a search warrant.

23.    On September 4, 2022, after trying to gain entry into the residence, Defendant HAMMOND POLICE OFFICER JOHN BIGHAM, STAR NO. HA518 violently grabbed Plaintiff DWAYNE MCCLELLAND by his neck and violently slammed his head and body into the hood of a nearby police squad car.  Despite hearing pleas from Plaintiff DWAYNE MCCLELLAND to stop slamming his body and head into the squad car, Defendant HAMMOND POLICE OFFICER

4

JOHN BIGHAM, STAR NO. HA518 persisted with his violent actions, causing Plaintiff DWAYNE MCCLELLAND to sustain injuries to his neck, lower back and cervical spine.

24.    At all times relevant to events described, UNKOWN DEFENDANT OFFICERS OF THE CITY OF HAMMOND POLICE DEPARTMENT were present, observed Defendant HAMMOND POLICE OFFICER JOHN BIGHAM, STAR NO. HA518, violently slam the head and body of Plaintiff DWAYNE MCCLELLAND into the police squad car.  Although the UNKOWN OFFICERS OF THE CITY OF HAMMOND POLICE DEPARTMENT were in a position to intervene and stop Defendant HAMMOND POLICE OFFICER JOHN BIGHAM, STAR NO. HA518 from brutally attacking Plaintiff DWAYNE MCCLELLAND they chose not to do so.

25.    As a direct and proximate cause of the conduct described herein, Plaintiff DWAYNE MCCLELLAND sustained serious and permanent physical injuries requiring him to undergo surgery and physical therapy.  A true and accurate photo depicting some of those physical injuries is attached hereto as **Exhibit A**.

26.    As a result of the incident described above, Plaintiff DWAYNE MCCLELLAND has incurred in excess of $100,000.00 in medical expenses, including but not limited to, physician care, physical therapy and prescription drug costs.

## COUNT I
## 42 U.S.C. § 1983 – Excessive Force

### Against Defendant Hammond Police Officer John Bigham, Star No. HA518

27.    Each of the foregoing paragraphs are incorporated as if restated fully herein.

28.    As described more fully above, Defendant HAMMOND POLICE OFFICER JOHN BIGHAM, STAR NO. HA518 subjected Plaintiff DWAYNE MCCLELLAND to excessive force in violation of his rights secured under the Fourth Amendment to the U.S. Constitution.

29.     The willful and wanton use of excessive force described in this count was objectively unreasonable and was undertaken with malice, in addition to willful, wanton and deliberate indifference to the constitutional rights of Plaintiff DWAYNE MCCLELLAND.

30.     As a direct and proximate cause of the willful and wanton use of excessive force used by Defendant HAMMOND POLICE OFFICER JOHN BIGHAM, STAR NO. HA518, Plaintiff DWAYNE MCCLELLAND suffered pain and injuries, including physical and emotional injuries.

**WHEREFORE**, Plaintiff Dwayne McClelland demands judgment against Defendant HAMMOND POLICE OFFICER JOHN BIGHAM, STAR NO. HA518 for compensatory damages, punitive damages, costs, reasonable attorneys' fees and such other and additional relief that this Court deems equitable and just.

## COUNT II
### 42 U.S.C. § 1983 – Failure to Intervene

**Against the Unknown Defendant Officers of Hammond Police Department**

31.     Each of the foregoing paragraphs are incorporated as if restated fully herein.

32.     The UNKOWN DEFENDANT OFFICERS OF THE CITY OF HAMMOND POLICE DEPARTMENT were purporting to act under color of law.

33.     During the constitutional violations described above, UNKOWN DEFENDANT OFFICERS OF THE CITY OF HAMMOND POLICE DEPARTMENT stood by without intervening to prevent Defendant HAMMOND POLICE OFFICER JOHN BIGHAM, STAR NO. HA518 from subjecting DWAYNE MCCLELLAND to the brutal physical attack from Defendant HAMMOND POLICE OFFICER JOHN BIGHAM, STAR NO. HA518.

34.     As a result of this failure to intervene, Dwayne McClelland suffered pain and injury, as well as emotional distress.

35.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with willful indifference to Plaintiff DWAYNE MCCLELLAND's constitutional rights under the Fourth Amendment of the United States Constitution.

**WHEREFORE**, Plaintiff Dwayne McClelland demands judgment against the UNKOWN DEFENDANT OFFICERS OF THE CITY OF HAMMOND POLICE DEPARTMENT for compensatory damages, punitive damages, costs, reasonable attorneys' fees and such other and additional relief that this Court deems equitable and just.

## COUNT III
## State Law Claim - Battery

### Against Defendant Hammond Police Officer John Bigham, Star No. HA518

36.     Each of the foregoing paragraphs are incorporated as if restated fully herein.

37.     Defendant HAMMOND POLICE OFFICER JOHN BIGHAM, STAR NO. HA518 intentionally made offensive bodily contact against Plaintiff DWAYNE MCCLELLAND and inflicted bodily harm.

38.     The bodily contact with Plaintiff DWAYNE MCCLELLAND by Defendant HAMMOND POLICE OFFICER JOHN BIGHAM, STAR NO. HA518 was intentional, unauthorized, and offensive.

39.     Defendant HAMMOND POLICE OFFICER JOHN BIGHAM, STAR NO. HA518 lacked justification to engage in bodily contact with Plaintiff DWAYNE MCCLELLAND, including but not limited to how Plaintiff DWAYNE MCCLELLAND was injured when his body and head were violently slammed into a police squad car, and which ultimately caused Plaintiff DWAYNE MCCLELLAND to sustain significant injury to his head, neck and cervical spine.

40.     The bodily contact with Plaintiff DWAYNE MCCLELLAND by Defendant HAMMOND POLICE OFFICER JOHN BIGHAM, STAR NO. HA518, was malicious, in

reckless disregard for, deliberatively indifferent to and/or callously indifferent to Plaintiff DWAYNE MCCLELLAND'S safety.

41.    There were no circumstances that warranted the unjustified and unreasonable force used against Plaintiff DWAYNE MCCLELLAND Defendant HAMMOND POLICE OFFICER JOHN BIGHAM, STAR NO. HA518.

42.    As a direct and proximate cause of the battery, Plaintiff DWAYNE MCCLELLAND was injured, including but not limited to physical injuries, and severe pecuniary damages, including severe physical and emotional pain and suffering, humiliation, loss of liberty, loss of normal life, impairment of future employment, medical expenses, lost income, mental anguish, and emotional distress.

## COUNT IV
### State Law Claim – Indemnification Under §34-13-4-1

### Against Defendant City of Hammond

43.    Each of the foregoing paragraphs are incorporated as if restated fully herein.

44.    Indiana law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. §34-13-4-1.

45.    Defendant HAMMOND POLICE OFFICER JOHN BIGHAM, STAR NO. HA518 and UNKOWN DEFENDANT OFFICERS OF THE CITY OF HAMMOND POLICE DEPARTMENT are, or were, employees of the City of Hammond Police Department who acted within the scope of their employment in committing the misconduct described above.

46.    Defendant CITY OF HAMMOND is obligated to pay any judgment for compensatory damages entered against individual defendants, Defendant HAMMOND POLICE

OFFICER JOHN BIGHAM, STAR NO. HA518 and UNKOWN DEFENDANT OFFICERS OF

THE CITY OF HAMMOND POLICE DEPARTMENT.

47.    In the event that a judgment for compensatory damages is entered against individual

defendants, Defendant HAMMOND POLICE OFFICER JOHN BIGHAM, STAR NO. HA518

and UNKOWN DEFENDANT OFFICERS OF THE CITY OF HAMMOND POLICE

DEPARTMENT, Defendant CITY OF HAMMOND must pay the judgment and may pay the

associated attorneys' fees and costs.

## JURY DEMAND

Plaintiff DWAYNE MCCLELLAND hereby demands a trial by jury pursuant to Federal

Rule of Civil Procedure 38(b) on all issues so triable.

Dated: March 2, 2023

Respectfully submitted,

/s/Devlin J. Schoop
One of his Attorneys

Victor P. Henderson
Devlin J. Schoop
**Henderson Parks, LLC**
140 South Dearborn, Suite 1020
Chicago, IL 60603
Phone: (312) 262-2880
Facsimile: (312) 262-2881
vphenderson@henderson-parks.com
dschoop@henderson-parks.com

9

# EXHIBIT A

